## STAFFORD v. LICK et al.

A POWER of attorney to sell land must contain some description of the property to be sold, unless it be shown *aliunde* that the land in controversy is the only land owned by the principal at the time.

APPEAL from the Twelfth District.

Ejectment for a lot in San Francisco. Defendants aver title in themselves. (See same case in 7 Cal. 479 ; 10 Id. 12.)

The instrument of title relied on by defendants is in the following words :

### TRANSLATION.

" By this present I give ample and sufficient power to Don José de Jesus Noe to use or dispose of my lot, which I hold (or have) granted, as may best seem to him ; and, in testimony, I give the present power in the place of Yerba Buena, the 6th day of October, 1846.

MAXIMO Y. FERNANDEZ."

On the trial defendants offered this instrument in evidence, in connection with testimony, that in 1846 sales of land in California were, by custom, sometimes verbal, sometimes by simple writing signed by the vendor, and sometimes, where the value of the property was great, by a writing before the Judge and witnesses. They also offered to show, in this connection, that the Spanish words in the instrument imported a transfer or conveyance to Noe in full property ; a consideration paid by Noe to Fernandez, and an actual transfer and possession of the lot accompanying the execution and delivery of the instrument.

Plaintiff objected to all this evidence on the ground that it was incompetent to prove a sale or contract for the sale of lands. The Court sustained the objection and excluded the evidence, defendants excepting. Defendants then offered to prove a verbal sale of the lot from Fernandez to Noe, consummated by transfer of possession and payment of a consideration, offering the writing as a memorandum of said sale. On plaintiffs' objection the evidence was ruled out, defendants excepting.

Defendants offered, with all this evidence, to connect themselves with Noe by conveyances, and also to show in themselves

or grantors a notorious and continued possession, with claim of title since October, 1846. The Court ruled out the evidence, defendants excepting.

Defendants also offered said instrument as evidence of a license to occupy the land, under which Noe and those holding under him were entitled to a notice to quit before action brought. Same objection. Same ruling.

The jury found for plaintiffs, and defendants appeal from the order overruling the motion for new trial, and from the judgment entered for plaintiff on the verdict.

*Whitcomb, Pringle & Felton,* for Appellants, argued : that the defendants derive good title by means of the power given in the instrument by Fernandez to Noe, and the execution of the power by the deeds of Noe ; and that, within the rule of the civil law, the execution by an agent, though made in his own name, is binding upon his principal, if actually within the authority given to him. (*Rice* v. *Gore,* 22 Pick. 158 ; *New Eng. M. Ins. Co.* v. *De Wolf,* 8 Pick. 56 ; Story on Agency, Sec. 152 ; *Hopkins* v. *Lacouture,* 4 La. 64 ; Pothier on Obl. Nos. 82, 449 ; 1 Id. Sec. 449 ; 4 Id. Sec. 88, 252.)

It may be objected that the power of attorney under which a sale takes place should contain the same description of the lands as the former decision in this case requires for the conveyance. But even in the common law a parol authority to make a written contract is valid. (*Shaw* v. *Nudd,* 8 Pick. 12.) And that although the contract be required to be in writing by the statute of frauds. The same rule holds good in the civil law. (See Story on Agency, 49, and Note.) And in 4 La. the power seems to have been a verbal one.

This instrument was offered as a license to occupy, which required of Fernandez or his assigns, at least a notice to quit. And we think that the dicta in *Salmon* v. *Hoffman,* (2 Cal. 142,) and the late decision of *Ortman et al.* v. *Dixon, ante,* sustain the defendants' right of possession. *Salmon* v. *Hoffman* recognizes the obligation of the deed by the Attorney, as entitling the party to a further conveyance from the principal and admits in the defendants such "an equitable title accompanied by possession" as "is sufficient under our system to give a right of possession."

No brief on file for Respondent.

Terry, C. J. delivered the opinion of the Court—Baldwin, J. concurring.

This cause is before us for the third time, upon evidence not materially different from that contained in the record upon which it was before decided.

The Appellants now contend that the paper which they before called a sufficient deed or conveyance to vest in Noe the title to the property, is a power of attorney authorizing Noe to sell the lot as the agent of Fernandez.

We think the paper is worthless for any purpose. A power of attorney, in order to authorize the sale of real property, must contain some description of the property to be sold. The paper in question, if we admit it to contain a power to sell, designates no property whatever. "By this present, I give ample and sufficient power to Don José de Jesus Noe to use or dispose of my lot." What lot? Where situated? The paper would answer as well for a lot in San José, Monterey, or Los Angeles, as in Yerba Buena. It is not shown that the premises in controversy is the only lot which was owned by Fernandez at the time, and we are not to presume, in the absence of proof, that such was the case.

Judgment affirmed.